IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THEMBI DLAMINI<br><br>Plaintiff,<br><br>v.<br><br>JUNA G. BABB and MICHAEL J. BABB,<br><br>Defendants. | Civil Action File No.<br>1:13-cv-02699-WSD |

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT MICHAEL J. BABB, WITH INCORPORATED <u>MEMORANDUM OF LAW</u>**

Pursuant to Fed. R. Civ. P. 12(c), Plaintiff Thembi Dlamini moves for judgment on the pleadings on the issue of liability on her claims against Defendant Michael J. Babb.  As discussed below, Mr. Babb failed to admit or deny the allegations in Plaintiff's Complaint and did not otherwise state facts sufficient to constitute a defense to Plaintiff's claims in his Answer.  Pursuant to Fed. R. Civ. P. 8(b)(6), therefore, the allegations against Mr. Babb in this case are admitted, entitling Plaintiff to judgment on the pleadings against him on the issue of liability.

## I. FACTUAL BACKGROUND

This is an action concerning human trafficking and forced labor, among other offenses, in violation of the Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. §§ 1583, 1584, 1589, 1590, and 1592, and the Thirteenth Amendment of the United States Constitution. *See* Doc. 1 ("Compl."). Plaintiff filed her complaint against Mr. Babb and Defendant Juna G. Babb (collectively, "Defendants") on August 13, 2013. *See id.*

The allegations asserted in the Complaint were the subject matter of a criminal action against Defendants, which was filed in this Court on December 2, 2009. *See United States v. Juna Gwendolyn Babb and Michael J. Babb*, No. 1:09CR0520-JEC-RGV (N.D. Ga.), Doc. 1. That action resulted in separate plea agreements entered into by Defendants on July 8, 2011, pursuant to which (a) Ms. Babb pled guilty to one count of harboring aliens for commercial and private gain and was sentenced to serve 24 months in federal prison, and (b) Mr. Babb pled guilty to one count of misprision of a felony for concealing the felony committed by Ms. Babb and was sentenced to serve six months in federal prison. *See id.*, Docs. 135 & 144; *United States of America v. Michael J. Babb*, No. 1:11-cr-00340-JEC, Docs. 4 & 9. As a result of the criminal action, Defendants also were ordered to pay $25,000 in restitution to Plaintiff. *Id.*

The Complaint here seeks civil remedies pursuant to the "Civil Remedy" statute of the Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. § 1595(a), and the Thirteenth Amendment of the United States Constitution. *See* Compl. ¶ 48. It is 21 pages in length and contains 72 separately enumerated paragraphs. *Id.* ¶¶ 1-72. Counts Two, Three, and Four of the Complaint apply to Mr. Babb and respectively assert claims for involuntary servitude, pursuant to 18 U.S.C. §§ 1584 & 1595 and the Thirteenth Amendment of the U.S. Constitution, forced labor, pursuant to 18 U.S.C. §§ 1589 & 1595, and trafficking with respect to peonage, slavery, involuntary servitude, or forced labor, pursuant to 18 U.S.C. §§ 1590 & 1595. *See id.* ¶¶ 54-68. For each of these claims, Plaintiff set forth the elements under the applicable statutes and specifically alleged Defendants' violation of those statutes. *See id.* ¶¶ 48, 54-68.

Mr. Babb responded to Plaintiff's Complaint on October 15, 2013. *See* Docs. 12 & 13. On that day, Mr. Babb filed two identical, two-page documents, both of which are entitled "Answer of Complaint and Motion to Deny Jury Trail [sic] Demand." *Id.* Nothing in these documents even remotely purports to respond to the separately enumerated paragraphs of Plaintiff's Complaint, much less admit or deny the allegations contained therein. *See id.* Nor does the Answer state any facts that even arguably could be construed as a defense to the issue of liability

- 3 -

against Mr. Babb. *See id.* Instead, as set forth in "Plaintiff's Response in Opposition to Michael J. Babb's Motion to Deny Jury Trial Demand," filed concurrently herewith, Mr. Babb's Answer only asserts four requests, none of which has any merit or serves to deny the accusations against him. To the contrary, the Answer seems to concede liability on the part of Mr. Babb, in that it acknowledges Plaintiff has suffered damages as a result of Defendants' conduct. *See* Doc. 12, at 2; Doc. 13, at 2.

## II.   ARGUMENT AND CITATIONS TO AUTHORITY

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment pursuant to Rule 12(c) is appropriate 'where there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings.'" *CompuCredit Holdings Corp. v. Akanthos Capital Mgmt., LLC*, 916 F. Supp. 2d 1326, 1329 (N.D. Ga. 2011) (quoting *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)).

In this case, there are no material facts in dispute. Specifically, Fed. R. Civ. P. 8(b)(1) requires that, "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P.

8(b)(6), in turn, provides that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."

As indicated by Mr. Babb's filing of his Answer, a responsive pleading was required in response to Plaintiff's Complaint.  *See also* Fed. R. Civ. P. 12(a)(1)(A).  Yet, nowhere in his Answer did Mr. Babb come close to satisfying the requirements of Rule 8(b)(1).  Pursuant to Rule 8(b)(6), therefore, the allegations of the Complaint as against Mr. Babb are "admitted."

The allegations in the Complaint, as admitted, are sufficient to render judgment on the pleadings in favor of Plaintiff and against Mr. Babb.  *See, e.g.*, Doc. 1 ¶¶ 48, 54-68.  For example, pursuant to Rule 8(b)(6), Mr. Babb has admitted that he:

(1) "knowingly and willfully forced Plaintiff to work in a condition of involuntary servitude through fear, legal coercion, and verbal threats directed at Plaintiff," in violation of 18 U.S.C. §§ 1584 & 1595, and the Thirteenth Amendment of the U.S. Constitution, and, "[a]s a result of [his] conduct, Plaintiff suffered damages," (*id.* ¶¶ 56-57);

(2) "induced Plaintiff into forced labor by means proscribed in [18 U.S.C. §] 1589(a) . . . and also knowingly benefited, financially or by receiving something

of value, from participation in a venture that engaged in the providing or obtaining of labor or services by means described in [18 U.S.C. §] 1589(a)," in violation of 18 U.S.C. §§ 1589 & 1595, and, "[a]s a result, Plaintiff was compelled to continue laboring for [him] under inhuman conditions and suffered damages," (*id.* ¶ 63); and

(3)   "knowingly recruited, harbored, and transported Plaintiff to obtain labor and services of Plaintiff in violation of the Trafficking Victims Protection Reauthorization Act," and, "[a]s a result of Defendants' conduct, Plaintiff suffered damages" (*id.* ¶ 67).

Mr. Babb further admitted that, for each of the violations, (a) "Plaintiff is entitled to recover damages and reasonable attorneys' fees for [his] wrongful conduct," and (b) "[b]ecause of the malicious and wantonly abusive nature of [his] conduct, Plaintiff also is entitled to an award of punitive damages."  *See id.* ¶¶ 57, 64, 68.[1]

Accordingly, Plaintiff is entitled to judgment on the pleadings as to the issue of liability on her claims against Mr. Babb.

---

[1] As discussed in "Plaintiff's Response in Opposition to Michael J. Babb's Motion to Deny Jury Trial Demand," although Mr. Babb appears to dispute Plaintiff's ability to seek attorneys' fees and costs in this action, reasonable attorneys' fees and costs are recoverable in these circumstances pursuant to 18 U.S.C. § 1595(a) and Fed. R. Civ. P. 54(d).

## III.   CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court enter judgment on the pleadings in her favor and against Defendant Michael J. Babb on the issue of liability as to Counts Two, Three, and Four of her Complaint.

Respectfully submitted this 30th day of October, 2013.

|  |  |
|---|---|
| **KILPATRICK TOWNSEND &     STOCKTON LLP** <br> 1100 Peachtree Street, Suite 2800 <br> Atlanta, Georgia 30309-4528 <br> Telephone: (404) 815-6500 <br> Facsimile: (404) 815-6555 | s/ Aaron J. Ross <br> Audra A. Dial <br> Georgia Bar No. 220298 <br> Aaron J. Ross <br> Georgia Bar No. 461981 <br> adial@kilpatricktownsend.com <br> aross@kilpatricktownsend.com |

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULE 5.1

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system (which document was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C)) and served a copy of the foregoing document upon Defendants (proceeding *pro se*) by depositing a true and correct copy thereof in the United States mail, first-class postage prepaid, addressed as follows:

> Juna G. Babb
> CSC-Dismas House of Atlanta
> 300 Wendell Court
> Atlanta, Georgia 30336
>
> Michael J. Babb
> 1335 Ethans Way
> McDonough, Georgia 30252

This 30th day of October, 2013.

> s/ Aaron J. Ross
> Aaron J. Ross (Ga. Bar No. 461981)
> **Kilpatrick Townsend & Stockton LLP**
> 1100 Peachtree Street, Suite 2800
> Atlanta, Georgia 30309-4528
> Telephone: (404) 815-6500
> Facsimile: (404) 815-6555
> aross@kilpatricktownsend.com
>
> *One of the Attorneys for Plaintiff*