IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THEMBI DLAMINI<br><br>        Plaintiff,<br><br>v.<br><br>JUNA G. BABB and MICHAEL J. BABB,<br><br>        Defendants. | Civil Action File No.<br>1:13-cv-02699-WSD |

**PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS,
WITH INCLUDED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 26 and 37, and Local Rules 26.1 and 37.1, Plaintiff Thembi Dlamini ("Plaintiff") hereby moves for an order (a) compelling *pro se* Defendants Juna G. Babb and Michael J. Babb (collectively, "Defendants") to serve initial disclosures and to respond in writing to Plaintiff's written discovery (to which no responses have been served), and (b) awarding sanctions to Plaintiff as a result of Defendants' discovery violations.

**INTRODUCTION**

This is an action concerning human trafficking and forced labor, among other offenses. Plaintiff alleges in this lawsuit that Defendants lured her to the United States from her native Swaziland, promising a two-week employment

opportunity, after which time Plaintiff would be permitted to return home.  What Plaintiff experienced after she arrived in the United States, however, was almost two years of captivity by Defendants, who forced Plaintiff to work for them for seven days per week, with little or no breaks, and for essentially no pay.

Given the nature of Plaintiff's claims, there are numerous facts as to which discovery is appropriate that are outside of Plaintiff's knowledge, custody, or control and within Defendants' knowledge, custody, or control.  To date, however, Defendants have deprived Plaintiff of these facts by failing to serve initial disclosures and by failing to respond at all to Plaintiff's interrogatories and requests for production of documents.  Although Plaintiff's counsel has conferred in good faith with Defendants regarding these failures, Defendants have provided no commitment they will comply with their discovery obligations in this case.

Accordingly, Plaintiff respectfully requests that this Court enter an order compelling Defendants to comply with the discovery obligations set forth above and awarding sanctions to Plaintiff.[1]

---

[1] As set forth in Plaintiff's recently-filed "Motion to Extend Discovery Period" (Doc. 25), Plaintiff also seeks a sixty (60) day extension of the discovery period as a result of Defendants' discovery violations.

US2008 5425377 2

## RELEVANT FACTUAL BACKGROUND

**A.      Plaintiff Files the Lawsuit, and Defendants Appear in the Case**

Plaintiff filed this lawsuit on August 13, 2013, asserting claims against Defendants for, among other things, human trafficking and forced labor. *See* Doc. 1. Mr. Babb, proceeding *pro se*, appeared in this case on October 15, 2013. *See* Docs. 12 & 13. Ms. Babb, proceeding *pro se*, appeared in this case on October 22, 2013. Docs. 15, 16, & 17. In all three of her October 22 filings, Ms. Babb identified her address as "CSC-Dismas House of Atlanta[,] 300 Wendell Court[,] Atlanta, GA 30336." *See* Docs. 15, at 1; 16, at 2; & 17, at 10.

**B.      The Parties Participate in a Rule 26(f) Conference**

On October 25, 2013, after both Defendants had appeared in the case, Plaintiff's counsel contacted each Defendant to set up the parties' Fed. R. Civ. P. 26(f) and L.R. 16.1 telephonic conference. *See* Declaration of Aaron Ross ("Ross Decl.") (attached hereto as Exhibit A) ¶ 5. After Plaintiff's counsel's call with each Defendant, Plaintiff's counsel sent each Defendant a letter, encouraging them to review the Federal Rules of Civil Procedure and this Court's Local Rules. *See id.* ¶ 6 & Exs. 1 & 2. Plaintiff's counsel also attached to each letter a blank copy of the Court's "Joint Preliminary Report and Discovery Plan." *See id.*

US2008 5425377 2

On November 5, 2013, Plaintiff's counsel and Defendants held their Fed. R. Civ. P. 26(f) and L.R. 16.1 telephonic conference. *Id.* ¶ 7. During this conference, Defendants alleged they did not possess any documents, electronic or otherwise, relating to this case. *See* Doc. 21, at 12.

### C.  Plaintiff Files a "Preliminary Report and Discovery Plan" and Serves "Initial Disclosures," But Defendants Do Not

On November 14, 2013, Plaintiff filed a separate "Preliminary Report and Discovery Plan" in accordance with L.R. 16.2. *See* Doc. 21. In her Report, Plaintiff stated that, "[b]ecause Defendants are representing themselves *pro se*, . . . a scheduling conference with the Court would be beneficial so that Defendants are aware of their obligations going forward in this case, particularly with respect to the duty to locate and preserve discoverable information." *Id.* at 10 ¶ 9; *see also id.* at 13 ¶ 11(b)(1) ("request[ing] a scheduling conference with the Court in an effort to avoid a potential motions practice, including a motion to compel discovery"). On the same date (November 14, 2013), Plaintiff served her "Initial Disclosures." *See* Doc. 22.

As of the date of this Motion, neither Defendant has filed a "Preliminary Report and Discovery Plan" or served initial disclosures. *See* Docket (1:13-cv-02699-WSD); Ross Decl. ¶ 8.

**D.      Plaintiff Serves Written Discovery on Mr. Babb, to Which Mr. Babb Still Has Not Responded Despite Plaintiff's Counsel's Good Faith Efforts to Confer with Mr. Babb**

On December 18, 2013, Plaintiff served "Plaintiff's First Interrogatories to Defendant Michael J. Babb" and "Plaintiff's First Requests for Production to Defendant Michael J. Babb" (collectively, the "Discovery Requests to Mr. Babb") on Mr. Babb at his residence.  Ross Decl. ¶ 9 & Ex. 3.  In accordance with L.R. 37.1, Plaintiff restates each of the Discovery Requests to Mr. Babb below:

<u>**First Interrogatories to Michael Babb**</u>

**Interrogatory No. 1:**  Identify all persons with knowledge of the facts of this case and describe what you believe they know about this case.

For each individual identified in response to this interrogatory, please state whether he or she has, or at any time had, a relationship to you or Juna Babb by blood or marriage, and, if so, identify what that relationship is or was.

**Interrogatory No. 2:**  Identify any individuals that you expect to call as an "expert witness" at trial and, with respect to each such expert, state the expert's qualifications, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each of the expert's opinions.

**Interrogatory No. 3:**  Identify all communications between you or Juna Babb, on the one hand, and Plaintiff, on the other, and for each communication, identify the date of the communication, the individuals involved in such communication, and the substance of such communication.

- 5 -

**Interrogatory No. 4:**  Identify all communications between you or Juna Babb, on the one hand, and any of the persons requested to be identified in response to Interrogatory No. 1, on the other, and which concern or contain any reference to Plaintiff, the Complaint, the Answer, or the Criminal Action.

**Interrogatory No. 5:**  Identify all documents that relate to or contain any reference to Plaintiff, the Complaint, the Answer, or the Criminal Action.

**Interrogatory No. 6:**  Identify all documents that relate to or contain any reference to any trips you have made to Swaziland, and set forth and fully describe the duration of each such trip, the purpose of each such trip, the method of travel for each such trip, where you resided or found lodging on each such trip, any persons who accompanied you on each such trip, and all persons whom you visited on each such trip.

**Interrogatory No. 7:**  Set forth and fully describe all facts supporting the allegation in your Answer that "[your] ex-wife Juna Babb is in possession and ownership of all vehicles, property and businesses formerly owned by [you and Juna Babb] jointly."

As part of your response to this interrogatory, please identify all vehicles, property, and businesses formerly owned by you and Juna Babb jointly, where such vehicles, property, and businesses are located, and all documents (including divorce papers) showing such vehicles, property, and businesses to be in the possession or ownership of Juna Babb.

**Interrogatory No. 8:**  Identify all dates in which Plaintiff resided with you, resided with Juna Babb, or otherwise resided in your home. For each time period identified, please identify all individuals residing with Plaintiff and identify the location of each individual's (including Plaintiff's) intended or actual bedroom.

**Interrogatory No. 9:**  Identify your employment history for the past 15 years.  For each employer, please state its name, address, telephone

- 6 -

number, the name of your manager or supervisor, and the nature of its business.  If you have held an ownership interest in any business or businesses in the past 15 years, please so state and describe fully your ownership interest and the nature of each business.

**Interrogatory No. 10**:  Identify your annual income for the past 15 years.  If you have owned any business or businesses in the past 15 years, please identify, for each business, its annual revenues, expenses, and profits, and all directors, officers, and employees, for the past 15 years.

**Interrogatory No. 11**:  Set forth and fully describe all facts concerning your first knowledge of and introduction to Plaintiff, including but not limited to how you first learned of Plaintiff, what you knew or were told about Plaintiff at that time, when and where you first met Plaintiff, who arranged such meeting, who was present at such meeting, and what communications you had with Plaintiff at that time.

**Interrogatory No. 12**:  Identify all instances, between June 12, 2005 through February 7, 2007, in which Plaintiff (a) took care of or otherwise acted as a babysitter for any children, including your grandchild or grandchildren, (b) cleaned your home or the home of others, (c) cooked meals for you, Juna Babb, or any other persons, (d) performed construction work for any company, including for any company owned or operated by you.

To the extent Plaintiff did any of the foregoing activities, please also set forth and fully describe all facts regarding Plaintiff's performance of these activities, including without limitation the amount of time spent by Plaintiff in performing each activity, whether you believe Plaintiff performed each activity voluntarily, and whether Plaintiff was compensated for each activity.

**Interrogatory No. 13**:  Identify all income earned or money received by you or Juna Babb from June 12, 2005 through February 7, 2007,

US2008 5425377 2

including but not limited to money received by you or Juna Babb for services performed by others, including but not limited to Plaintiff.

**Interrogatory No. 14:**  Identify all instances in which you or Juna Babb provided money to Plaintiff.  For each instance, please identify the amount of money provided, the reason you or Juna Babb provided the money to Plaintiff, and whether you contend the money was provided to Plaintiff as compensation for services provided by Plaintiff or to be provided by Plaintiff.  This interrogatory also includes but is not limited to any money provided by you or Juna Babb to Plaintiff as restitution.  *See United States of America v. Michael J. Babb*, No. 1:11-CR-340-JEC (N.D. Ga.), Doc. 9.

**Interrogatory No. 15:**  Identify any and all instances in which Plaintiff provided money to you or Juna Babb.  For each instance, please identify the amount of money provided, the reason you believe Plaintiff provided the money to you or Juna Babb, and whether the money was returned to Plaintiff.  In the event you contend money provided to you or Juna Babb was returned to Plaintiff, please set forth and fully describe all facts supporting your contention that the money was returned to Plaintiff.

**Interrogatory No. 16:**  Identify any lawsuit or legal action in which you have been a party, including but not limited to any civil or criminal lawsuit filed by or against you and any bankruptcy action filed by you or on your behalf.

## First Requests for Production to Michael Babb

**Request No. 1:**  Please produce all documents that are evidence or contain any record of or reference to any communication between you or Juna Babb, on the one hand, and Plaintiff, on the other.

**Request No. 2:**  Please produce all documents that are evidence or contain any record of or reference to any communication between you or Juna Babb, on the one hand, and any person other that Plaintiff, on

- 8 -

the other hand, concerning Plaintiff, the Complaint, the Answer, or the Criminal Action.

**Request No. 3:**  Please produce all documents containing any reference to Plaintiff, the Complaint, the Answer, or the Criminal Action, including but not limited to correspondence, e-mails, faxes, memoranda, statements, affidavits, financial, tax, and/or accounting documents.

**Request No. 4:**  Please produce all documents that relate to or contain any reference to any trips you have made to Swaziland, and set forth and fully describe the duration of each such trip, the purpose of each such trip, the method of travel for each such trip, where you resided or found lodging on each such trip, any persons who accompanied you on each such trip, and all persons whom you visited on each such trip.

**Request No. 5:**  To the extent not already produced in response to the Requests above, please produce all documents that relate to or contain any reference to the allegation in your Answer that "[your] ex-wife Juna Babb is in possession and ownership of all vehicles, property and businesses formerly owned by [you and Juna Babb] jointly."  This request includes but is not limited to all documents generated, produced, or otherwise created during or as a result of any divorce proceeding or action between you and Juna Babb.

**Request No. 6:**  To the extent not already produced in response to the Requests above, please produce all documents evidencing (a) any money provided by you or Juna Babb to Plaintiff, or (b) any money provided by Plaintiff to you or Juna Babb.  This request includes but is not limited to credit card statements, bank statements, and receipts, and all documents evidencing any restitution payments made by you or Juna Babb to Plaintiff.  *See United States of America v. Michael J. Babb*, No. 1:11-CR-340-JEC (N.D. Ga.), Doc. 9.

**Request No. 7:**  Please produce all documents sufficient to show your annual income for the past 15 years and, to the extent you have owned any business or businesses in the past 15 years, all documents sufficient to show, for each business, its annual revenues, expenses,

US2008 5425377 2

and profits, and all directors, officers, and employees, for the past 15 years.

**Request No. 8:**  To the extent not already produced in response to the Requests above, please produce all documents and correspondence that support the facts and allegations set forth in your Answer, and all documents relied on or consulted by you in preparing your responses to the First Interrogatories.

**Request No. 9:**  To the extent not already produced in response to the Requests above, please produce all documents requested to be identified in the First Interrogatories.

*Id.*

Pursuant to Fed. R. Civ. P. 33 and 34, Mr. Babb was required to respond to the Discovery Requests to Mr. Babb on or before January 20, 2014.  *See* Fed. R. Civ. P. 33 and 34.   Mr. Babb, however, did not respond to the Discovery Requests to Mr. Babb by this date.  Ross Decl. ¶ 9.

On February 6, 2014, Plaintiff's counsel sent a written letter to Mr. Babb in a good faith effort to resolve his failure to serve initial disclosures and failure to respond to the Discovery Requests.  *Id.* ¶ 14 & Ex. 7.  To date, however, Mr. Babb has not served initial disclosures or responded in writing to the Discovery Requests to Mr. Babb.  *Id.* ¶ 16.  A subsequent telephone conversation between Plaintiff's counsel and Mr. Babb also has not resulted in Mr. Babb's compliance with these discovery obligations.  *Id.* ¶ 19.

- 10 -

E.    **Plaintiff Serves Written Discovery on Ms. Babb, to Which Ms. Babb Still Has Not Responded Despite Plaintiff's Counsel's Good Faith Efforts to Confer with Ms. Babb**

On December 18, 2013, Plaintiff also attempted to serve written discovery requests on Ms. Babb.  Ross Decl. ¶ 10.  Plaintiff specifically attempted to serve "Plaintiff's First Interrogatories to Defendant Juna G. Babb" and "Plaintiff's First Requests for Production of Documents to Defendant Juna G. Babb" (collectively, the "Discovery Requests to Ms. Babb") on Ms. Babb by U.S. mail to the CSC-Dismas House of Atlanta, 300 Wendell Court, Atlanta, Georgia 30336, where Ms. Babb had accepted service of the Complaint and the address Ms. Babb had identified to the Court.  *Id.* ¶ 4; *see also* Docs. 11, 15, 16, & 17.

Upon information and belief, Ms. Babb was residing at the CSC-Dismas House of Atlanta until January 6, 2014, when she was released from federal custody.  *See* Ross Decl. ¶ 11 & Ex. 5.  On or about February 6, 2014, however, Plaintiff's counsel received the envelope containing the Discovery Requests to Ms. Babb, bearing the stamp "Not Deliverable as Addressed, Unable to Forward."  *Id.* ¶ 12.  Thus, on February 6, 2014, Plaintiff's counsel re-served the Discovery Requests to Ms. Babb to her last known home address by UPS and certified mail.  Ross Decl. ¶ 13 & Ex. 6.  Although the envelope containing the Discovery Requests to Ms. Babb that was served by certified mail was returned to Plaintiff's

- 11 -

counsel as unclaimed, the package containing the Discovery Requests to Ms. Babb that was served by UPS was delivered to Ms. Babb.  *See id.* ¶¶ 15 & 20 & Ex. 8. In accordance with L.R. 37.1, Plaintiff restates each of these Discovery Requests to Ms. Babb below:

## First Interrogatories to Juna Babb

**Interrogatory No. 1:**  Identify all persons with knowledge of the facts of this case and describe what you believe they know about this case.

For each individual identified in response to this interrogatory, please state whether he or she has, or at any time had, a relationship to you or Michael Babb by blood or marriage, and, if so, identify what that relationship is or was.  With respect to you individually, please also state the address and telephone number of the residence in which you will be residing after your release from CSC-Dismas House of Atlanta.

**Interrogatory No. 2:**  Identify any individuals that you expect to call as an "expert witness" at trial and, with respect to each such expert, state the expert's qualifications, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each of the expert's opinions.

**Interrogatory No. 3:**  Identify all communications between you or Michael Babb, on the one hand, and Plaintiff, on the other, and for each communication, identify the date of the communication, the individuals involved in such communication, and the substance of such communication.

**Interrogatory No. 4:**  Identify all communications between you or Michael Babb, on the one hand, and any of the persons requested to be identified in response to Interrogatory No. 1, on the other, and

- 12 -

which concern or contain any reference to Plaintiff, the Complaint, the Answer, or the Criminal Action.

**Interrogatory No. 5:**  Identify all documents that relate to or contain any reference to Plaintiff, the Complaint, the Answer, or the Criminal Action.

**Interrogatory No. 6:**  Identify all documents that relate to or contain any reference to any trips you have made to Swaziland, and set forth and fully describe the duration of each such trip, the purpose of each such trip, the method of travel for each such trip, where you resided or found lodging on each such trip, any persons who accompanied you on each such trip, and all persons whom you visited on each such trip.

**Interrogatory No. 7:**  Set forth and fully describe all facts supporting the allegation contained in the Fourth Affirmative Defense of your Answer that you "ha[ve] not committed the acts alleged in Plaintiff's Complaint."

**Interrogatory No. 8:**  Set forth and fully describe all facts supporting the allegation contained in Paragraph 38 of your Answer that Plaintiff was not residing with you in 2007 but instead "was living in New York or D.C. at that time."

As part of your response to this interrogatory, please identify the dates on which Plaintiff resided with you or in your home.

**Interrogatory No. 9:**  Set forth and fully describe all facts supporting the allegations contained in Paragraphs 15 through 23 of your Answer, including but not limited to all facts concerning your first knowledge of and introduction to Plaintiff, your meeting with Plaintiff at a hotel in Swaziland, your purchase of a plane ticket for Plaintiff, your telephone conversations with Plaintiff, your provision of a letter to Plaintiff to give to the Swaziland passport office, and your meeting with Plaintiff at Hartsfield-Jackson Atlanta International Airport and driving of Plaintiff from the airport to your home.

- 13 -

As part of your response, please state any and all reasons you met with Plaintiff in Swaziland, purchased her plane ticket, provided her with a letter to give to the Swaziland passport office, and picked her up at the Atlanta airport and drove her to your home.  Please also state in response to this interrogatory whether the plane ticket you purchased for Plaintiff was for a round-trip flight, and, if so, the departure date for the return portion of the flight and any and all reasons you contend Plaintiff did not take the return flight to Swaziland.

**Interrogatory No. 10**:  Set forth and fully describe all facts supporting the allegations contained in Paragraphs 32 through 34 of your Answer that you did not force Plaintiff to take care of your grandson, clean your home, cook your meals, perform manual labor at your home, clean the homes of others, or perform construction work for a company owned or operated by Michael Babb.

As part of your response to this interrogatory, please state whether Plaintiff ever took care of your grandson, cleaned your home, cooked meals for you or Michael Babb, performed manual labor at your home, cleaned the homes of others, or performed construction work for a company owned or operated by Michael Babb, even if you contend Plaintiff did not perform these activities by force.  To the extent Plaintiff did any of the foregoing activities, please set forth and fully describe all facts regarding Plaintiff's performance of these activities, including without limitation the amount of time spent by Plaintiff in performing each activity, whether you believe Plaintiff performed each activity voluntarily, and whether you believe Plaintiff was compensated for each activity.

**Interrogatory No. 11**:  Set forth and fully describe all facts supporting the allegations contained in Paragraph 39 of your Answer that:  "Plaintiff had a key to Defendants' home and was always free to come and go as she please.  Which she did.  Upon her departure, Plaintiff left the key with a neighbor when she moved out while Defendants' were away after being asked to leave by Ms. Babb's daughter."

- 14 -

This interrogatory includes but is not limited to identification of all instances in which Plaintiff left your home, the locations that she visited when she left your home, her mode of transportation to leave your home, and the facts and circumstances of which you are aware as to why your daughter asked Plaintiff to leave your home.

**Interrogatory No. 12:**  Identify all income earned or money received by you or Michael Babb from June 12, 2005 through February 7, 2007, including but not limited to money received by you or Michael Babb for services performed by others, including but not limited to Plaintiff.

**Interrogatory No. 13:**  Identify your employment history for the past 15 years.  For each employer, please state its name, address, telephone number, the name of your manager or supervisor, and the nature of its business.  If you have held an ownership interest in any business or businesses in the past 15 years, please so state and describe fully your ownership interest and the nature of each business.

**Interrogatory No. 14:**  Identify your annual income for the past 15 years.  If you have owned any business or businesses in the past 15 years, please identify, for each business, its annual revenues, expenses, and profits, and all directors, officers, and employees, for the past 15 years.

**Interrogatory No. 15:**  Identify any and all instances in which you or Michael Babb provided money to Plaintiff.  For each instance, please identify the amount of money provided, the reason you or Michael Babb provided the money to Plaintiff, and whether you contend the money was provided to Plaintiff as compensation for services provided by Plaintiff or to be provided by Plaintiff.  This interrogatory also includes but is not limited to any money provided by you or Michael Babb to Plaintiff as restitution.  *See* Criminal Action, Doc. 144.

**Interrogatory No. 16:**  Identify any and all instances in which Plaintiff provided money to you or Michael Babb.  For each instance,

- 15 -

please identify the amount of money provided, the reason you believe Plaintiff provided the money to you or Michael Babb, and whether the money was returned to Plaintiff.  In the event you contend money provided to you or Michael Babb was returned to Plaintiff, please set forth and fully describe all facts supporting your contention that the money was returned to Plaintiff.

**Interrogatory No. 17:**  Identify any lawsuit or legal action in which you have a party, including but not limited to any civil or criminal lawsuit filed by or against you and any bankruptcy action filed by you or on your behalf.

## First Requests for Production to Juna Babb

**Request No. 1:**  Please produce all documents that are evidence or contain any record of or reference to any communication between you or Michael Babb, on the one hand, and Plaintiff, on the other.

**Request No. 2:**  Please produce all documents that are evidence or contain any record of or reference to any communication between you or Michael Babb, on the one hand, and any person other that Plaintiff, on the other, concerning Plaintiff, the Complaint, the Answer, or the Criminal Action.

**Request No. 3:**  Please produce all documents containing any reference to Plaintiff, the Complaint, the Answer, or the Criminal Action, including but not limited to correspondence, e-mails, faxes, memoranda, statements, affidavits, financial, tax, and/or accounting documents.

**Request No. 4:**  Please produce all documents that support the allegations in your Answer, including all documents concerning your trip to Swaziland during which you met Plaintiff (Answer ¶¶ 15-16), all documents evidencing the plane ticket you purchased for Plaintiff (Answer ¶ 17), all documents evidencing that you accepted Plaintiff's collect calls (Answer ¶ 19), all documents evidencing that you gave Plaintiff a letter to the Swaziland passport office (Answer ¶ 20), and

- 16 -

all documents evidencing that you "often gave Plaintiff money and purchased her items when they went on shopping trips together" (Answer ¶ 35).

This request includes but is not limited to all credit card statements, bank statements, telephone records, and bills that support the allegations in Paragraphs 15-16, 17, 19, 20, and 35 of your Answer. This request also includes but is not limited to all documents evidencing any fees paid by you or Michael Babb or other payments made by you or Michael Babb to the Swaziland government or passport office on behalf of or for the benefit of Plaintiff.

**Request No. 5:**  To the extent not already produced in response to the Requests above, please produce the telephone records and bills for "Defendants' home phone" and "Plaintiff's cellular phone" identified in Paragraph 30 of your Answer, for the period beginning June 12, 2005 and ending on February 7, 2007.

**Request No. 6:**  To the extent not already produced in response to the Requests above, please produce all documents supporting the allegations contained in Paragraph 30 of your Answer that "Plaintiff made many calls to her family in Swaziland and elsewhere on Defendants' home phone and on Plaintiff's cellular phone."

**Request No. 7:**  To the extent not already produced in response to the Requests above, please produce all documents evidencing (a) any money provided by you or Michael Babb to Plaintiff, or (b) any money provided by Plaintiff to you or Michael Babb.  This request includes but is not limited to credit card statements, bank statements, and receipts, and all documents evidencing any restitution payments made by you or Michael Babb to Plaintiff.  *See* Criminal Action, Doc. 144.

**Request No. 8:**  Please produce all documents sufficient to show your annual income for the past 15 years and, to the extent you have owned any business or businesses in the past 15 years, all documents sufficient to show, for each business, its annual revenues, expenses,

- 17 -

and profits, and all directors, officers, and employees, for the past 15 years.

**Request No. 9:**  To the extent not already produced in response to the Requests above, please produce all documents and correspondence that support the facts and allegations set forth in your Answer, and all documents relied on or consulted by you in preparing your responses to the First Interrogatories.

**Request No. 10:**  To the extent not already produced in response to the Requests above, please produce all documents requested to be identified in the First Interrogatories.

*See* Ross Decl., Ex. 4.

The February 6, 2014 letter sent by Plaintiff's counsel to Ms. Babb also identified Plaintiff's previous efforts to serve discovery on Ms. Babb, as well as Ms. Babb's failure to serve initial disclosures.  *Id.*, Ex. 6.  The letter advised Ms. Babb that Plaintiff would have no choice but to seek Court intervention should she fail to remedy her discovery deficiencies.  *Id.*

Pursuant to Fed. R. Civ. P. 33 and 34, Ms. Babb was required to respond to the Discovery Requests to Ms. Babb that were served on February 6, 2014 by March 12, 2014.  *See* Fed. R. Civ. P. 33 and 34.  Ms. Babb, however, did not respond to the Discovery Requests to Ms. Babb by this date.  Ross Decl. ¶ 16. Furthermore, in their March 13, 2014 telephone conversation, Ms. Babb intimated to Plaintiff's counsel that did not intend to respond to these discovery requests.  *Id.*

- 18 -

¶ 20.  Indeed, as of this date, Ms. Babb still has not responded to the discovery requests.  *Id.* ¶ 16.

### F.   Plaintiff Submits Her Discovery Dispute to the Court Before Filing this Motion

In accordance with Paragraph 10 of the Court's "Standing Order Regarding Civil Litigation" (Doc. 14), Plaintiff submitted the discovery disputes addressed in this Motion to the Court before filing this Motion.  Ross Decl. ¶ 17 & Ex. 9.  The Court stated, however, that it "cannot take action on [Plaintiff's counsel's] letter." *Id.* ¶ 18 & Ex. 10.  As a result, with the discovery deadline set to expire absent an order granting Plaintiff's pending "Motion to Extend Discovery Period" (Doc. 25), Plaintiff is filing the instant Motion.

### ARGUMENT AND CITATIONS TO AUTHORITY

Federal Rule of Civil Procedure 37 and Local Rule 37.1 provide that a party, on notice to the other parties, may serve a motion to compel at any time prior to the close of discovery.[2]  Fed. R. Civ. P. 37; L.R. 37.1.  The moving party may seek to compel initial disclosures, as required by Fed. R. Civ. 26(a)(1), and responses to written discovery served pursuant to Fed. R. Civ. P. 33 and 34.  *See* Fed. R. Civ. P. 37(a)(3)(A)-(B).  Where, as here, a party "fail[s] to participate in the discovery

---

[2] As set forth in "Plaintiff's Motion to Extend Discovery Period," the discovery period in this case ends on March 17, 2014.  *See* Doc. 25.

- 19 -

Case 1:13-cv-02699-WSD    Document 27    Filed 03/14/14    Page 20 of 26


process" by failing to serve initial disclosures and respond to written discovery requests, a motion to compel should be granted. *DIRECTV, LLC v. Wells*, No. 1:13-CV-28(WLS), 2013 WL 5676626, at *1 (M.D. Ga. Oct. 17, 2013);

Furthermore, other than for limited exceptions, where a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* (quoting Fed. R. Civ. P. 37(a)(5)(A));

Fed. R. Civ. P. 37(c)(1) additionally provides that, if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the Court also, on motion and after giving an opportunity to be heard, "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . . and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." And, similarly, Fed. R. Civ. P. 37(d)(3) provides that, if a party "fails to serve its answers, objections, or written response" to properly served interrogatories or requests for production of documents, the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of

- 20 -

expenses unjust" and also may order any of the sanctions listed in Fed. R. Civ. P.

37(b)(2)(A)(i)-(vi).  *See, e.g.*, *Parsons v. Fitzgerald*, No. 1:06-CV-2992-RWS,

2007 WL 4200766, at *3 (N.D. Ga. Nov. 21, 2007); *Edenfield v. Combs*, No. 2:05-

CV-166WC, 2006 WL 997768, at *2 (N.D. Ga. Apr. 13, 2006).

A.   **The Court Should Compel Defendants to Serve Initial Disclosures and Award Plaintiff Sanctions As a Result of Defendants' Failure to Serve Initial Disclosures**

Fed. R. Civ. P. 26(a)(1) requires each party, without awaiting a discovery

request, to provide its initial disclosures to the other parties in the case.  L.R. 26.1

provides that parties "shall make the initial disclosures required by Fed. R. Civ. P.

26(a)(1) at or within thirty (30) days after the appearance of a defendant by answer

or motion."

Here, Mr. Babb appeared in this case on October 15, 2013, and Ms. Babb

appeared in this case on October 22, 2013.  *See* Docs. 12, 13, 15, 16, & 17.

Pursuant to L.R. 26.1, therefore, the parties were required to serve their initial

disclosures by November 14, 2013.   Only Plaintiff, however, served her initial

disclosures by this deadline.  *See* Doc. 22.  Moreover, as of this date, Defendants

still have not served initial disclosures in this case.  Ross Decl. ¶ 8.

Accordingly, this Court should enter an order compelling Defendants to

serve initial disclosures and awarding Plaintiff sanctions.

- 21 -

US2008 5425377 2

**B.     This Court Should Compel Defendants to Respond to Plaintiff's Written Discovery and Award Plaintiff Sanctions for Defendants' Failure to Respond to Plaintiff's Written Discovery**

Fed. R. Civ. P. 33(b)(2) requires a party to serve its answers and any objections to another party's interrogatories "within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 34(b)(2)(A) requires a party to whom a request for production of documents is served also to "respond in writing within 30 days after being served."

Here, Plaintiff properly served Mr. Babb with interrogatories and requests for production on December 18, 2013, and properly served Ms. Babb with interrogatories and requests for production on February 6, 2014.  Pursuant to Rules 33 and 34, Mr. Babb was required to respond to the written discovery served on him by January 20, 2014, and Ms. Babb was required to respond to the written discovery served on her by March 12, 2014.  Neither Defendant, however, met his or her respective deadline.  As of this date, moreover, Defendants still have not responded in writing to the respective discovery served on them.

Accordingly, this Court should enter an order compelling Defendants to respond in writing to the written discovery served on them and awarding Plaintiff sanctions.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her "Motion to Compel and for Sanctions" and issue an Order:

(a)     Compelling Defendants to serve their initial disclosures;

(b)     Compelling Defendant Juna G. Babb to provide written responses to the Discovery Requests to Ms. Babb;

(c)     Compelling Defendant Michael J. Babb to provide written responses to the Discovery Requests to Mr. Babb

(d)     Compelling Defendants to provide proper verification to their written discovery responses;

(e)     Awarding sanctions to Plaintiff, including requiring Defendants to pay Plaintiff all of her reasonable expenses and attorneys' fees incurred in bringing this Motion to Compel.

- 23 -

Respectfully submitted this 14th day of March, 2014.

s/ Aaron J. Ross

**KILPATRICK TOWNSEND &**
   **STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Audra A. Dial
Georgia Bar No. 220298
Aaron J. Ross
Georgia Bar No. 461981
adial@kilpatricktownsend.com
aross@kilpatricktownsend.com

*Counsel for Plaintiff*

- 24 -

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 37(A)(1)

Pursuant to Federal Rule of Civil Procedure 37(a)(1), I hereby certify that I complied with the duty to confer in good faith with *pro se* Defendants Michael J. Babb and Juna G. Babb prior to filing this motion to compel, in an effort to obtain resolution of this matter without Court action, by sending a written letter to each Defendant on February 6, 2014 and by subsequently conferring with each Defendant by telephone.

s/ Aaron J. Ross
Aaron J. Ross (Ga. Bar No. 461981)
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
aross@kilpatricktownsend.com

US2008 5425377 2

## CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULE 5.1

I hereby certify that I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system (which document was prepared in Times

New Roman font, 14-point type, one of the font and point selections approved by

the Court in N.D. Ga. L.R. 5.1(C)) and served a copy of the foregoing document

upon Defendants (proceeding *pro se*) by depositing a true and correct copy thereof

in the United States mail, first-class postage prepaid, addressed as follows:

> Juna G. Babb
> 4262 Ivy Run
> Ellenwood, Georgia 30294-6522
>
> Michael J. Babb
> 1335 Ethans Way
> McDonough, Georgia 30252

This 14th day of March, 2014.

> s/ Aaron J. Ross
> Aaron J. Ross (Ga. Bar No. 461981)
> **Kilpatrick Townsend & Stockton LLP**
> 1100 Peachtree Street, Suite 2800
> Atlanta, Georgia 30309-4528
> Telephone: (404) 815-6500
> Facsimile: (404) 815-6555
> aross@kilpatricktownsend.com
>
> *One of the Attorneys for Plaintiff*

- 26 -

US2008 5425377 2