**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **THEMBI DLAMINI,** | |
| **Plaintiff,** | |
| **v.** | **1:13-cv-2699-WSD** |
| **JUNA G. BABB and MICHAEL J. BABB,** | |
| **Defendants.** | |

## ORDER

This matter is before the Court on Defendant Michael J. Babb's Motion to Deny Jury Trial Demand [13], Plaintiff's Motion for Judgment on the Pleadings as to Defendant Michael J. Babb [20] ("Motion for Judgment on the Pleadings"), Plaintiff's Motion to Extend the Discovery Period [25] ("Motion for Extension"), Plaintiff's Motion to Compel and for Sanctions [26, 27] ("Motion to Compel"), Plaintiff's Motion for Summary Judgment [28], and Defendant Juna Babb's Motion for Extension of Time to Respond to Summary Judgment Motion, Written Discovery, and Submit Initial Disclosures [31] ("Motion for Extension").

## I.   BACKGROUND

On August 13, 2013, Plaintiff Thembi Dlamini ("Plaintiff") filed this action against Defendants Juna G. Babb ("Juna Babb") and Michael J. Babb ("Michael

Babb") (collectively, "Defendants").  In her Complaint [1], Plaintiff alleges that Defendants lured Plaintiff to the United States from Switzerland and held her for two years, forcing her to work without pay in their home and business.  Plaintiff asserts numerous claims against Defendants under federal anti-slavery and anti-trafficking statutes and the Thirteenth Amendment to the United States Constitution.

On October 15, 2013, Michael Babb, proceeding *pro se*, filed a document titled "Answer of Complaint and Motion to Deny Jury Trial Demand."  The Clerk docketed this document twice: as Michael Babb's Answer [12] and as Michael Babb's Motion to Deny Jury Trial [13].  The document generally requests that the Court "deny" the "complaint filed in this case."  The document also makes two separate requests: (i) that the Court deny Plaintiff a jury trial, because Plaintiff failed to demand a jury under Rule 38 of the Federal Rules of Civil Procedure, and (ii) that the Court sever, under Rule 21 of the Federal Rules of Civil Procedure, the claims against him and those asserted against Juna Babb.  Micahel Babb claims that Defendants are "misjoined."  The Court construes the first request as Michael Babb's Motion to Deny Jury Trial and the second request as Michael Babb's Misjoinder Motion.

On October 22, 2013, Juna Babb, proceeding *pro se*, filed her Answer [17].

Neither Defendant filed initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

On October 30, 2013, Plaintiff filed, against Michael Babb, her Motion for Judgment on the Pleadings.  Plaintiff argues that Michael Babb's Answer is not sufficient to deny any of Plaintiff's allegations and that she is entitled to judgment on the claims she asserted against him.

On December 18, 2013, Plaintiff served her First Interrogatories to Michael Babb, propounding sixteen (16) discrete interrogatories.  Also on December 18, 2013, Plaintiff served her First Requests for Production to Michael Babb, propounding nine (9) document request.  This discovery is collectively referred to as the "Michael Babb Discovery Requests."[1]  Michael Babb did not serve responses, or objections, to the discovery served on him.

On February 6, 2014, Plaintiff served her First Interrogatories to Juna Babb, propounding seventeen (17) discrete interrogatories.  Also on February 6, 2013, Plaintiff served her First Requests for Production to Juna Babb, propounding ten (10) document requests.  This discovery is collectively referred to as the "Juna

---

[1] The Michael Babb Discovery Requests were filed on the docket as document 26-4.

Babb Discovery Requests."[2]  Juna Babb did not serve responses, or objections, to the discovery served on her.

On March 7, 2014, Plaintiff filed her Motion for Extension seeking an enlargement of the discovery period to allow Defendants to serve their initial disclosures and their responses to their respective written discovery requests.[3]

On March 14, 2014, Plaintiff filed her Motion to Compel seeking an order compelling Defendants to serve their initial disclosures and their responses to the written discovery requests.[4]  Plaintiff requests unspecified "sanctions" against Defendants for their failure to produce discovery responses.

On April 14, 2014, Plaintiff filed her Motion for Summary Judgment.  In it, Plaintiff states that she is filing the motion "[o]ut of an abundance of caution" in the event the Court does not extend the discovery deadline and the dispositive motions deadline.

On May 9, 2014, Juna Babb filed her Motion for Extension seeking an enlargement of the discovery period to allow her time to make the required

---

[2] The Juna Babb Discovery Requests were filed on the docket as document 26-5.

[3] The discovery deadline under the original schedule in this matter was March 17, 2014.

[4] Plaintiff filed her Motion to Compel twice on the docket, once as document 26 and again as document 27.

disclosures and to produce responses to the Juna Babb Discovery Requests.

## II.    DISCUSSION

### A.    Michael Babb's Motion to Deny Jury Trial

Michael Babb argues that a jury trial should not be permitted in this action because Plaintiff failed to request one in accordance with Rule 38(b)(1) of the Federal Rules of Civil Procedure.  Rule 38(b)(1) provides that a party may demand a jury trial by "serving the other parties with a written demand—*which may be included in a pleading*—no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b)(1) (emphasis added).  In this case, the first page of Plaintiff's Complaint, which constitutes her pleading, states, "Jury Trial Demanded."  This statement is sufficient to satisfy Rule 38(b)(1).  See, e.g., Hupp v. Siroflex of Am., Inc., 159 F.R.D. 29, 30 (S.D. Tex. 1994) (holding that "the words 'Jury Demanded' beneath the cause-of-action number on [the] original pleadings" satisfied Rule 38(b)(1)); Kahn v. Head, 114 F.R.D. 20, 20 (D. Md. 1987) (holding that "the phrase 'Jury Trial Demanded' under the docket number" satisfied Rule 38(b)(1)).  Michael Babb's Motion to Deny Jury Trial is denied.

### B.    Michael Babb's Misjoinder Motion

Michael Babb argues that he and Juna Babb are improperly joined as co-defendants and that the claims against each of them should be separated under Rule

21 of the Federal Rules of Civil Procedure.  Rule 21 authorizes the Court to "add

or drop a party" or to "sever any claim against a party."  Fed. R. Civ. P. 21.

"Rule 21 applies when the claims asserted by or against the joined parties do

not arise out of the same transaction or occurrence or do not present some common

question of law or fact."  7 Charles Alan Wright et al., <u>Federal Practice and

Procedure</u> § 1683, at 475 & n.2 (3d ed. 2001) (collecting cases).  Michael Babb has

not shown, or even argued, that Plaintiff's claims against him and Juna Babb,

based on the couple's joint violations of the anti-slavery and anti-trafficking laws

and of the Thirteenth Amendment, do not arise out of the same occurrence or do

not present common questions of law or fact.  The Misjoinder Motion is denied.

C.    <u>Plaintiff's Motion for Judgment on the Pleadings</u>

Plaintiff asserts that Michael Babb's Answer fails to specifically admit or

deny the individual allegations contained in Plaintiff's Complaint.  Plaintiff argues

that Michael Babb thus is deemed to have admitted all of Plaintiff's allegations and

that Plaintiff is thus entitled to judgment on the pleadings.  <u>See</u> Fed. R. Civ. P.

8(b)(6) ("An allegation—other than one relating to the amount of damages—is

admitted if a responsive pleading is required and the allegation is not denied.");

<u>Horsley v. Rivera</u>, 292 F.3d 695, 700 (11th Cir. 2002) ("Judgment on the pleadings

under Rule 12(c) is appropriate when there are no material facts in dispute, and

judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.").

Under Rule 8(b), a defendant's answer generally must "admit or deny the allegations asserted against it."  Fed. R. Civ. 8(b)(1)(B).  Alternatively, a defendant who "intends in good faith to deny all the allegations of a [complaint]—including the jurisdictional grounds—may do so by a general denial."  Fed. R. Civ. 8(b)(3). In making a general denial, "[n]o prescribed set of words need be employed . . . ; any statement making it clear that the defendant intends to put in issue all of the averments in the opposing party's pleading is sufficient."  7 Wright et al., <u>supra</u>, § 1265.

In his Answer, filed *pro se*, Michael Babb requests that the Court "deny" the "complaint filed in this case."  Pleadings filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Liberally construing Michael Babb's Answer, and considering that a general denial does not require any formal language, the Court finds that the Answer contains a general denial under Rule 8(b)(3) and that Michael Babb has not admitted any of Plaintiff's allegations.  Plaintiff's Motion for Judgment on the Pleadings is denied.

D.     Plaintiff's Motion to Compel

Plaintiff seeks an order compelling Defendants to produce their initial disclosures, as required by Rule 26(a) of the Federal Rules of Civil Procedure, and to file responses to the Discovery Requests.  Rule 37 authorizes the Court to enter an order compelling Rule 26(a) disclosures and responses to interrogatories and document requests.  Because Defendants' initial disclosures and Discovery Request responses are long overdue, the Court grants the Motion to Compel.[5] Defendants are ordered to produce to Plaintiff's counsel their Rule 26(a) initial disclosures and responses to their respective Discovery Requests on or before July 18, 2014.

Plaintiff also seeks unspecified sanctions against Defendants for their failure to provide discovery responses.  Under Rule 37(b)(2), the Court may award sanctions only if Defendants fail to obey an order compelling the production of discovery responses.  The failure to respond to discovery requests, alone, is not sufficient to warrant sanctions.  See United States v. Certain Real Property, 126 F.3d 1314, 1317 (11th Cir. 1997) ("We consistently have found Rule 37 sanctions

---

[5] The Court notes that Defendants did not oppose, or otherwise respond to, the Motion to Compel, and the Court thus deems the Motion unopposed.  See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

such as dismissal or entry of default judgment to be appropriate . . . only 'where the party's conduct amounts to flagrant disregard and willful disobedience *of discovery orders*.'" (quoting <u>Buchanan v. Bowman</u>, 820 F.2d 359, 361 (11th Cir. 1987))).  Defendants have not violated an order of the Court, and Plaintiff's request for sanctions is denied.

      E.    <u>Motions for Extension</u>

      Plaintiff requests that the discovery period in this case be enlarged to allow Plaintiff sufficient time to obtain Defendants' initial disclosures and responses to the Discovery Requests.  Juna Babb also requests that the discovery period be enlarged to allow her time to make the required disclosures and produce the required discovery responses.  In light of the parties' joint request, and the Court's order compelling Defendants to respond to discovery on or before July 18, 2014, the Court finds that the discovery deadline should be extended until that date for the limited purpose of allowing Defendants to produce their Rule 26(a) initial disclosures and responses to the Discovery Requests.[6]  The Court will not permit

---

[6] Because the Court enlarges the discovery period, the deadline for the filing of summary judgment motions is extended as provided in Local Civil Rule 56.1.  <u>See</u> LR 56.1(C), NDGa ("Motions for summary judgment shall be filed . . . not later than thirty (30) days after the close of discovery . . . .").  Because Plaintiff filed her Motion for Summary Judgment "[o]ut of an abundance of caution" in the event the Court did not extend the discovery deadline, the Court denies the Motion for Summary Judgment without prejudice to re-filing after the close of discovery.

any additional enlargements of the discovery period.[7]

**III.    CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Michael J. Babb's Motion to Deny Jury Trial, contained in his Motion to Deny Jury Trial Demand [13], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Michael J. Babb's Misjoinder Motion, contained in his Motion to Deny Jury Trial Demand [13], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings as to Defendant Michael J. Babb [20] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and for Sanctions [26, 27] is **GRANTED IN PART** and **DENIED IN PART**.  It is **GRANTED** with respect to Plaintiff's request for an order compelling the production of discovery responses.  It is **DENIED** with respect to Plaintiff's request for sanctions.  Defendant Michael Babb is **ORDERED** to produce to

---

[7] Juna Babb also states that she may retain counsel during the enlarged discovery period.  If counsel is retained, the Court will not again alter the schedule in this case absent a showing of good cause under Rule 16 of the Federal Rules of Civil Procedure.

Plaintiff's counsel, on or before July 18, 2014, his Rule 26(a) initial disclosures and his responses to the Michael Babb Discovery Requests.  Defendant Juna Babb is **ORDERED** to produce to Plaintiff's counsel, on or before July 18, 2014, her Rule 26(a) initial disclosures and her responses to the Juna Babb Discovery Requests.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend the Discovery Period [25] and Defendant Juna Babb's Motion for Extension of Time to Respond to Summary Judgment Motion, Written Discovery, and Submit Initial Disclosures [31] are **GRANTED IN PART**.  The discovery deadline in this matter is extended through July 18, 2014, for the sole purpose of allowing Defendants to make their Rule 26(a) initial disclosures and to produce their responses to Plaintiff's Discovery Requests.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [28] is **DENIED WITHOUT PREJUDICE**.

      **SO ORDERED** this 20th day of June, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE