IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THEMBI DLAMINI

                Plaintiff,

v.

JUNA G. BABB and MICHAEL J. BABB,

                Defendants.

Civil Action File No.
1:13-cv-02699-WSD

## PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 and this Court's June 20, 2014 Order (Doc. 33), Plaintiff Thembi Dlamini ("Plaintiff") hereby renews her motion for summary judgment in her favor on the issue of liability on all of her claims against Defendants Juna G. Babb and Michael J. Babb (collectively, "Defendants"). In support of this motion, Plaintiff respectfully shows the Court as follows:

## I.    INTRODUCTION

As set forth in "Plaintiff's Motion for Sanctions" (filed concurrently herewith), Defendants disregarded the Court's June 20, 2014 Order (Doc. 33), which required Defendants to serve their "long overdue" Rule 26(a) initial

disclosures and respective responses to Plaintiff's discovery requests by July 18, 2014 (*id.* at 8). Defendants, therefore, still have not participated in the discovery process in this case or otherwise produced any evidence sufficient to preclude the entry of summary judgment against them. Specifically, Defendants' only evidence in this case consists of statements made in their unverified pleadings. By contrast, Plaintiff has submitted a sworn declaration verifying the allegations in her Complaint and fully establishing her claims against Defendants for human trafficking and forced labor, among other offenses, in violation of the Trafficking Victims Protection Reauthorization Act of 2008 and the Thirteenth Amendment of the U.S. Constitution. Doc. 28-2.

Accordingly, with the discovery period now closed, there exists no genuine issue of material fact in this case, and Plaintiff is entitled to judgment as a matter of law. Plaintiff therefore respectfully requests that this Court grant this Motion and enter summary judgment in her favor on all of her claims in this case.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff is Convinced to Come to the United States to Work for Defendants

Plaintiff is a citizen of Mbabane, Swaziland, who currently resides in Georgia under a "T" visa, which is a type of visa reserved for victims of human trafficking. Declaration of Thembi Dlamini (Doc. 28-2) (hereinafter, "Dlamini

Decl.") ¶¶ 2-3.  In April 2005, Plaintiff was residing in Swaziland when she learned that Defendants were interested in hiring someone to come to the United States to cook for their son's upcoming wedding.  *Id.* ¶ 4.

A mutual acquaintance set up a meeting between Plaintiff and Ms. Babb in Mbabane in or about that time.  *Id.* ¶ 5; *see also* Def. Juna G. Babb's Ans. to the Compl. ("J. Babb Ans.") (Doc. 17) ¶ 16.  Plaintiff and Ms. Babb met at a hotel in Mbabane.  Dlamini Decl. ¶ 6; J. Babb Ans. ¶ 17.  At this meeting, Ms. Babb told Plaintiff that she was looking to hire someone to help with her son's wedding. Dlamini Decl. ¶ 6.  Specifically, Ms. Babb told Plaintiff that she and her husband, Mr. Babb, were looking to provide African people with positive opportunities and that it would be an especially good opportunity for her to come to the United States to work for them, because then she could earn money for her family.  *Id.* 7.

Ms. Babb promised Plaintiff that, if she agreed to work for Defendants, Defendants would purchase Plaintiff's roundtrip ticket to the United States and would compensate her for the value of her services.  *Id.* ¶ 8; *see also* J. Babb Ans. ¶ 17 (admitting "that she purchased Plaintiff's plane ticket") & ¶ 21 (admitting that she "arranged for Plaintiff's plane ticket").  Ms. Babb also told Plaintiff that the job opportunity was for a period of two weeks and that Plaintiff would be able to

return home to Swaziland at the conclusion of that two-week period.  Dlamini Decl. ¶ 9.

Plaintiff was reluctant to accept Ms. Babb's offer, because, among other things, she had never been on an airplane before and the idea of traveling to the United States frightened her.  *Id.* ¶ 10.  Within a few days of their meeting, however, Ms. Babb called Plaintiff to reassure her and, during this call, Ms. Babb reiterated that she only intended for Plaintiff to come to the United States for two weeks to help with the upcoming wedding.  *Id.* ¶ 11; *see also* J. Babb Ans. ¶ 19 (admitting that she "did accept Plaintiff's collect calls and spoke with Plaintiff on several occasions").  Relying on Ms. Babb's assurances, and hoping to earn money to help her family, Plaintiff ultimately accepted Ms. Babb's offer to come to the United States to assist with her son's wedding.  Dlamini Decl. ¶ 12.

After Plaintiff informed Ms. Babb that she would accept her offer, Ms. Babb helped her obtain a passport and visa and complete all other necessary immigration paperwork.  *Id.* ¶ 13; *see also* J. Babb Ans. ¶ 20 (admitting "that she gave Plaintiff a letter to give to the Swaziland passport office").  Among other things, Ms. Babb provided Plaintiff with a letter to give to the Swaziland passport office, money to obtain a visa, and instructions for the visa application and consular approval process.  Dlamini Decl. ¶ 13.    With Ms. Babb's assistance, Plaintiff obtained the

necessary documentation to travel to the United States from Swaziland.  Dlamini

Decl. ¶ 14; *see also* J. Babb Ans. ¶ 20.  Shortly thereafter, Ms. Babb arranged for

the delivery of a roundtrip airplane ticket to Plaintiff for travel to and from the

United States.  Dlamini Decl. ¶ 15; *see also* J. Babb Ans. ¶¶ 17, 21.

**B.     Plaintiff is Held Captive in the United States Upon Her Arrival**

On June 12, 2005, Plaintiff boarded a flight from Johannesburg, South

Africa, and she arrived at Hartsfield-Jackson Atlanta International Airport the next

day.  Dlamini Decl. ¶ 16; *see also* J. Babb Ans. ¶ 22 (admitting the same).  Ms.

Babb met Plaintiff at the airport and drove Plaintiff to her and her husband's home

in Ellenwood, Georgia.  Dlamini Decl. ¶ 17; *see also* J. Babb Ans. ¶ 23 (admitting

the same).  While en route to Defendants' home, however, Ms. Babb instructed

Plaintiff to surrender her passport and return airplane ticket, which Plaintiff

voluntarily did.  Dlamini Decl. ¶ 18.

When Plaintiff arrived at Defendants' home, Ms. Babb showed Plaintiff the

basement of her home and told Plaintiff that she would be staying there.  *Id.* ¶ 19.

Ms. Babb also told Plaintiff that the area surrounding Defendants' house was

dangerous and instructed Plaintiff never to leave the home.  *Id.*  She then left

Plaintiff alone in the basement.  *Id.*

The next day, Ms. Babb forced Plaintiff to take care of Defendants' grandson. *Id.* ¶ 20. For the two weeks that followed, Plaintiff continued to provide domestic services at Defendants' home, even when they left the home to travel. *Id.* ¶ 21. Defendants returned home from their travels about two weeks after Plaintiff first arrived in the United States. *Id.* ¶ 22.

### C.   Plaintiff Learns of Defendants' Deception

With her intended departure to Swaziland looming, Plaintiff asked Defendants about their son's wedding (the reason for which Plaintiff had come to the United States to work). Dlamini Decl. ¶ 22. Ms. Babb, however, informed Plaintiff that there was no wedding and instructed Plaintiff that she was to continue to take care of Defendants' home and grandson. *Id.* When Plaintiff asked Ms. Babb why she had deceived her, Ms. Babb responded that she knew that Plaintiff would not have come to the United States if she had known the truth, which assumption was correct. *Id.* ¶ 23.

Plaintiff asked Ms. Babb for her passport and return airplane ticket to Swaziland so that Plaintiff could depart, but Ms. Babb refused to surrender the documents and stated that Plaintiff would have to purchase her own ticket if she wanted to leave. *Id.* ¶ 24. Ms. Babb made further threats to Plaintiff, telling her, among other things, that she was in the United States illegally without a work

permit and could not contact the police without risking arrest and deportation and that she should not try to call her family or friends because the police, who monitored her calls, would arrest her.  *Id.* ¶ 25.  Due to Defendants' threats and deception, Plaintiff believed she had no other option but to stay and attempt to earn money to purchase a ticket to Swaziland by working for Defendants.  *Id.* ¶ 26.

### D.    Defendants Force Plaintiff to Work for their Personal Gain

In addition to forcing Plaintiff to take care of their grandson every day, Defendants ordered Plaintiff to clean their home, cook their meals, and perform outdoor manual labor at their home, including digging soil, pulling weeds, and planting vegetables and flowers.  Dlamini Decl. ¶ 27.  Defendants also forced Plaintiff to clean the homes of others and to perform construction work for a company owned or operated by Mr. Babb, including cleaning, removing and installing carpet, removing and installing tiles, painting, and moving furniture and other heavy objects.  *Id.* ¶ 28.  Defendants provided Ms. Babb with little to no pay, even though they often received money for her services.  *Id.* ¶ 29.  On some occasions, Defendants claimed they needed to keep the money Plaintiff allegedly was earning to ensure its safekeeping and thus could not provide any of the money Plaintiff had earned to her.  *Id.*  At other times, Defendants claimed they were

deducting money Plaintiff allegedly had earned to pay for her food and other costs associated with her boarding.  *Id.*

Defendants' conduct relative to Plaintiff continued for almost two years.  *Id.* ¶ 30.  On a typical day, Plaintiff would wake up around 5:00 a.m., clean Defendants' home, cook Defendants' breakfast, and depart with Mr. Babb or Ms. Babb for work outside their home.  *Id.* ¶ 31.  Once she returned to Defendants' home, Plaintiff was required to prepare Defendants' dinner and continue cleaning their house or doing laundry.  *Id.*  During each day, Plaintiff was provided little or no breaks.  *Id.*  In addition, Plaintiff was not provided time-off for vacation and otherwise was not provided reasonable working conditions.  *Id.*

### E.    Plaintiff Escapes Defendants' Custody

In early 2007, a couple for whom Plaintiff had worked approached her and asked why she was reluctant to speak to them.  Dlamini Decl. ¶ 32.  In response, Plaintiff informed them about her desire to return home and how Defendants had been treating her.  *Id.*  The couple appeared shocked to learn of Defendants' conduct and began to formulate a plan to extricate Plaintiff.  *Id.* ¶ 33.  Ultimately, they arranged for Plaintiff to escape Defendants' custody on or about February 7, 2007, when Defendants were away from their home.  *Id.*

After Plaintiff's escape, Plaintiff worked with the Federal Bureau of Investigation ("FBI") and U.S. Immigration and Customs Enforcement ("ICE"), which began investigating Defendants' actions relative to her. *Id.* ¶ 34.

### F.   Defendants Are Indicted and Sentenced for Trafficking

On December 2, 2009, the federal government filed an indictment in this Court against Defendants, asserting claims under, *inter alia*, 18 U.S.C. § 1589, for forced labor, and 18 U.S.C. § 1324(a)(1)(A)(iii), for harboring an alien for financial gain. *See United States v. Juna Gwendolyn Babb and Michael J. Babb*, No. 1:09CR0520-JEC-RGV (N.D. Ga.) ("Criminal Action"), Doc. 1, at 11-13.[1] The indictment also asserted a claim specifically against Ms. Babb under 18 U.S.C. § 1592(a)(1), for unlawful conduct with respect to documents in furtherance of forced labor. *Id.* at 11-12.  In addition, the indictment asserted separate claims against Defendants under 18 U.S.C. § 1001 for knowingly and willfully making

---

[1] Plaintiff respectfully requests that the Court take judicial notice of the documents filed in the Criminal Action pursuant to settled Eleventh Circuit authority. *See, e.g.*, *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (holding that "[t]he district court properly took judicial notice of the documents in [plaintiff's] first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to resources whose accuracy could not reasonably be questioned'") (citing, *inter alia*, Fed. R. Evid. 201(b)); *also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

false, fictitious, and fraudulent statements and representations to the FBI.  *Id.* at 12-13.

On July 8, 2011, Defendants reached separate plea agreements with the United States with respect to the claims against them.  *Id.*, Doc. 135; *United States v. Michael J. Babb*, No. 1:11-cr-00340-JEC, Doc. 4.  Specifically, Ms. Babb pled guilty to harboring aliens for commercial and private gain, and Mr. Babb pled guilty to misprision of a felony, harboring aliens for commercial and private gain.  *See id.*  Both Defendants were sentenced to and served time in prison as a result of their crimes.  *See id.*  Both Defendants also were ordered to pay restitution to Plaintiff in the amount of $25,000.  *See* Criminal Action, Doc. 144; *United States v. Michael J. Babb*, No. 1:11-cr-00340-JEC, Doc. 9.  To date, however, Plaintiff has received only a small fraction of the restitution amount owed to her.  Dlamini Decl. ¶ 36; Criminal Action, Doc. 147 (entered Mar. 10, 2014) (identifying failure by Ms. Babb to pay restitution as ordered).

### G.    Defendants' Failure to Adduce Competent Evidence in this Case

Plaintiff filed this lawsuit on August 13, 2013.  Compl. (Doc. 1).  The allegations in Plaintiff's lawsuit essentially mirror the facts set forth above.  *Compare id.* with Part II, A-F, *supra*.

To date, as referenced in "Plaintiff's Motion for Sanctions" (filed contemporaneously herewith), neither Defendant has submitted any evidence in this case beyond their unverified pleadings, notwithstanding this Court's June 20, 2014 Order requiring Defendants "to produce to Plaintiff's counsel their Rule 26(a) initial disclosures and responses to their respective Discovery Requests on or before July 18, 2014." Doc. 33, at 8, 10-11; Declaration of Aaron Ross (attached as Exhibit A to Plaintiff's Motion for Sanctions) ¶¶ 2-3 (identifying Defendants' failure to comply with the Court's June 20, 2014 Order).

## III.   ARGUMENT AND CITATIONS TO AUTHORITY

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The movant has the initial burden to show the Court that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Hays v. Adam*, 512 F. Supp. 2d 1330, 1335 (N.D. Ga. 2007).  The non-movant must "go beyond the pleadings" and present competent evidence, designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

In this case, as set forth above, neither Defendant has submitted any evidence beyond their pleadings showing there are genuine issues of material fact here.  The undisputed facts in this case thus establish Defendants' liability on each of Plaintiff's claims in this case for violations of 18 U.S.C. §§ 1583, 1584, 1589, 1590, 1592, & 1595 and the Thirteenth Amendment of the U.S. Constitution:

First, in violation of 18 U.S.C. § 1583 & 1595, (a) Ms. Babb enticed, induced, and persuaded Plaintiff to travel to the United States from her native Swaziland with false promises that she would be working for only two weeks in preparation for a wedding and thereafter could return home (Dlamini Decl. ¶¶ 4-12); J. Babb Ans. (Doc. 17) ¶ 17); (b) Ms. Babb further promised to pay for Plaintiff's airfare to and from the United States and to pay Plaintiff for the services she rendered while in the United States (Dlamini Decl. ¶¶ 8, 15; J. Babb Ans. ¶¶ 17, 21); (c) Ms. Babb's representations were untrue and meant solely to induce Plaintiff into slave-like conditions in the United States, where Plaintiff was forced to work seven days per week for almost two years, with little or no breaks and essentially no pay (Dlamini Decl. ¶¶ 22-31); and (d) as a result of Ms. Babb's conduct, Plaintiff suffered damages (*id.* ¶¶ 29, 31, 36).

Second, in violation of 18 U.S.C. § 1584 & 1595 and the Thirteenth Amendment, (a) Defendants knowingly and willfully forced Plaintiff to work in a

- 12 -

condition of involuntary servitude through fear, legal coercion, and verbal threats directed at Plaintiff (Dlamini Decl. ¶¶ 18-19, 22-31); and (b) as a result of Defendants' conduct, Plaintiff suffered damages (*id.* ¶¶ 29, 31, 36).

Third, in violation of 18 U.S.C. §§ 1589 & 1595, (a) Defendants induced Plaintiff into forced labor (i) by means of force, threats of force, physical restraint, or threats of physical restraint to Plaintiff, (ii) by means of serious harm or threats of serious harm to Plaintiff, (iii) by means of the abuse or threatened abuse of law or legal process, and (iv) by means of any scheme, plan, or pattern intended to cause Plaintiff to believe that, if she did not perform such labor or services, she would suffer serious harm or physical restraint (Dlamini Decl. ¶¶ 18-19, 22-31); (b) Defendants knowingly benefitted, financially or by receiving something of value, from participation in a venture that engaged in the providing or obtaining of labor or services by the foregoing means (*id.* ¶¶ 27-29); and (c) as a result of Defendants' conduct, Plaintiff was compelled to continue laboring for them under inhuman conditions and suffered damages (*id.* ¶¶ 27-31, 36).

Fourth, in violation of 18 U.S.C. §§ 1590 & 1595, (a) Defendants knowingly recruited, harbored, and transported Plaintiff to obtain labor and services of Plaintiff in violation of the Trafficking Victims Protection Reauthorization Act

(Dlamini Decl. ¶¶ 6-9, 11-15, 17-31; J. Babb Ans. ¶¶ 17, 20-21); and (b) as a result of Defendants' conduct, Plaintiff suffered damages (Dlamini Decl. ¶¶ 29, 31, 36).

Fifth, in violation of 18 U.S.C. §§ 1592 & 1595, (a) Ms. Babb confiscated and concealed Plaintiff's passport and certain other immigration documents in the course of a violation of the Trafficking Victims Protection Reauthorization Act, with the intent to violate the Act, and to prevent Plaintiff's liberty to move or travel, in order to maintain Plaintiff's labor and services (Dlamini Decl. ¶¶ 18-19, 23-26); (b) Plaintiff has been victim of a severe form of trafficking in persons (*id.* ¶¶ 12-31); and (c) as a result of Ms. Babb's conduct, Plaintiff suffered damages (*id.* ¶¶ 29, 31, 36).

Accordingly, Plaintiff is entitled to judgment as a matter of law as to the issue of liability on each of her claims against Defendants in this case.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court enter summary judgment in her favor and against Defendants on the issue of liability as to all of her claims in this case.

Respectfully submitted this 31st day of July, 2014.

|  |  |
|---|---|
|  | s/ Aaron J. Ross |
| **KILPATRICK TOWNSEND &** | Audra A. Dial |
| **STOCKTON LLP** | Georgia Bar No. 220298 |
| 1100 Peachtree Street, Suite 2800 | Aaron J. Ross |
| Atlanta, Georgia 30309-4528 | Georgia Bar No. 461981 |
| Telephone: (404) 815-6500 | adial@kilpatricktownsend.com |
| Facsimile: (404) 815-6555 | aross@kilpatricktownsend.com |

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULE 5.1

I hereby certify that I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system (which document was prepared in Times

New Roman font, 14-point type, one of the font and point selections approved by

the Court in N.D. Ga. L.R. 5.1(C)) and served a copy of the foregoing document

upon Defendants (proceeding *pro se*) by depositing a true and correct copy thereof

in the United States mail, first-class postage prepaid, addressed as follows:

> Juna G. Babb
> 4262 Ivy Run
> Ellenwood, Georgia 30294-6522
>
> Michael J. Babb
> 1335 Ethans Way
> McDonough, Georgia 30252

This 31st day of July, 2014.

> s/ Aaron J. Ross
> Aaron J. Ross (Ga. Bar No. 461981)
> **Kilpatrick Townsend & Stockton LLP**
> 1100 Peachtree Street, Suite 2800
> Atlanta, Georgia 30309-4528
> Telephone: (404) 815-6500
> Facsimile: (404) 815-6555
> aross@kilpatricktownsend.com
>
> *One of the Attorneys for Plaintiff*