IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THEMBI DLAMINI,

                Plaintiff,

v.

JUNA G. BABB and
MICHAEL J. BABB,

                Defendants.

1:13-cv-2699-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Thembi Dlamini's ("Plaintiff") Motion for Sanctions [34] and Motion for Summary Judgment [35] (the "Motion").

**I. BACKGROUND**

On August 13, 2013, Plaintiff filed this action against Defendants Juna G. Babb ("Juna Babb") and Michael J. Babb ("Michael Babb") (collectively, "Defendants"). In her Complaint [1], Plaintiff alleges that Defendants lured Plaintiff to the United States from Swaziland and held her for two years, forcing her to work without pay in their home and business.[1] Plaintiff asserts claims for:

---

[1] On December 2, 2009, the Government indicted Defendants for generally the same conduct contained in the Complaint. See United States v. Juna Gwendolyn Babb and Michael J. Babb, No. 09-cr-520 (N.D. Ga.), Docket No. 1. On July 8, 2011, Defendants reached separate plea agreements with the Government, and pursuant to them Juna Babb was found guilty of harboring aliens

(1) Enticement into Slavery pursuant to 18 U.S.C. §§ 1583 and 1595 against Juna Babb (Count I); (2) Involuntary Servitude pursuant to 18 U.S.C. §§ 1584 and 1595 and the Thirteenth Amendment of the United States Constitution against both Defendants (Count II); (3) Forced Labor pursuant to 18 U.S.C. §§ 1589 and 1595 against both Defendants (Count III); (4) Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor pursuant to 18 U.S.C. §§ 1590 and 1595 against both Defendants (Count IV); and (5) Unlawful Conduct with respect to Documents in Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor pursuant to 18 U.S.C. §§ 1592 and 1595 against Juna Babb (Count V).

On October 15, 2013, Michael Babb, proceeding *pro se*, filed a document titled "Answer of Complaint and Motion to Deny Jury Trial Demand." The Clerk docketed this document twice: as Michael Babb's Answer [12] and as Michael Babb's Motion to Deny Jury Trial [13]. The document generally requested that the Court "deny" the "complaint filed in this case." The document also made two separate requests: (i) that the Court deny Plaintiff a jury trial, because Plaintiff

---

for commercial and private gain and was sentenced to twenty-four months imprisonment. Id., Docket Nos. 135 and 144. Michael Babb was found guilty of concealing the actual commission of a felony (harboring aliens for commercial and private gain) and was sentenced to six months imprisonment. See United States v. Michael J. Babb, No. 11-cr-340, Docket Nos. 4 and 9.

failed to demand a jury under Rule 38 of the Federal Rules of Civil Procedure, and (ii) that the Court sever, under Rule 21 of the Federal Rules of Civil Procedure, the claims against him and those asserted against Juna Babb. Michael Babb claimed that Defendants were "misjoined." The Court construed the first request as Michael Babb's Motion to Deny Jury Trial and the second request as Michael Babb's Misjoinder Motion. On October 22, 2013, Juna Babb, proceeding *pro se*, filed her Answer [17].

On October 30, 2013, Plaintiff filed, against Michael Babb, her Motion for Judgment on the Pleadings [20]. Plaintiff argued that Michael Babb's Answer was not sufficient to deny any of Plaintiff's allegations and that she was entitled to judgment on the claims she asserted against him.

On December 18, 2013, Plaintiff served her First Interrogatories to Michael Babb, propounding sixteen (16) discrete interrogatories. Also on December 18, 2013, Plaintiff served her First Requests for Production to Michael Babb, propounding nine (9) document requests. Michael Babb did not serve responses, or objections, to the discovery served on him.

On February 6, 2014, Plaintiff served her First Interrogatories to Juna Babb, propounding seventeen (17) discrete interrogatories. Also on February 6, 2013, Plaintiff served her First Requests for Production to Juna Babb, propounding ten

3

(10) document requests. Juna Babb did not serve responses, or objections, to the discovery served on her.

On March 7, 2014, Plaintiff filed her Motion for Extension [25] seeking an enlargement of the discovery period to allow Defendants to serve their initial disclosures and their responses to their respective written discovery requests.[2]

On March 14, 2014, Plaintiff filed her Motion to Compel[3] seeking an order compelling Defendants to serve their initial disclosures and their responses to the written discovery requests. Plaintiff requested unspecified "sanctions" against Defendants for their failure to produce discovery responses.

On April 14, 2014, Plaintiff filed her first motion for summary judgment [28]. In it, Plaintiff stated that she filed the motion "[o]ut of an abundance of caution" in the event the Court did not extend the discovery deadline and the dispositive motions deadline.

On May 9, 2014, Juna Babb filed her Motion for Extension [31] seeking an enlargement of the discovery period to allow her time to file the discovery and disclosures required of her.

---

[2] The discovery deadline under the original schedule in this matter was March 17, 2014.

[3] Plaintiff filed her Motion to Compel twice on the docket, once as document 26 and again as document 27.

On June 20, 2014, the Court denied [33] Michael Babb's Motion to Deny Jury Trial Demand and Misjoinder Motion, and denied Plaintiff's Motion for Judgment on the Pleadings. The Court granted in part Plaintiff's Motion to Compel and for Sanctions, ordering Defendants to produce, on or before July 18, 2014, their respective Rule 26(a) initial disclosures and responses to Plaintiff's discovery requests. The Court noted that it would not permit any additional enlargement of the discovery period. The Court denied Plaintiff's request for sanctions, as Defendants had not, at that point, violated an order of the Court. The Court denied Plaintiff's first motion for summary judgment without prejudice.

On July 31, 2014, Plaintiff filed her Motion for Sanctions, requesting sanctions for Defendants' failure to serve their initial disclosures or respond to Plaintiff's discovery requests, in violation of the Court's June 20, 2014, Order. Plaintiff requests that the Court sanction Defendants by: (a) designating the facts in Plaintiff's Complaint as established, (b) striking Defendants' pleadings, and (c) entering a default judgment against Defendants.

On July 31, 2014, Plaintiff filed her Motion for Summary Judgment. Plaintiff seeks summary judgment on the issue of liability on all of Plaintiff's claims. The Motion is supported by Plaintiff's sworn declaration [28-2] stating facts proving the allegations raised in her Complaint. Plaintiff asserts that

Defendants' Answers were not verified and they otherwise have not produced any evidence to controvert Plaintiff's allegations, there are not any genuine issues of material fact in the case, and summary judgment should be issued against Defendants on the issue of liability for the conduct and claims alleged in her Complaint.

Plaintiff's counsel certified that copies of the Motion were sent to Juna Babb and Michael Babb. On August 1, 2014, the Clerk gave notice of the Motion [36] to Defendants. Defendants did respond to the Motion.

## II. DISCUSSION

### A. Legal Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). Non-moving parties "need not present evidence in a form necessary for admission at trial; however, [they] may not merely rest on [their] pleadings." Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must draw all inferences in favor of the non-movant, but only "to the extent supportable by the record." Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Although Plaintiff's Motion is unopposed, "the Court is still required to consider the merits of the motion." See, e.g., Mattix v. Dekalb Cnty. Sch. Dist., No. 13-cv-2501, 2014 WL 3579416, at *8 (N.D. Ga. July 18, 2014) (citing Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988)). In its consideration, and because Defendants failed to respond to Plaintiff's discovery requests or to the Motion, the Court relies on the facts set out in Plaintiff's sworn Declaration.

B. Facts

Plaintiff, in her Declaration, states that Juna Babb promised her a two-week job in the United States to cook for Defendants' son's wedding. (Dlamini Declaration ¶¶ 4, 6-7). Juna Babb assisted Plaintiff in obtaining a passport and visa, assisted Plaintiff in completing the necessary immigration paperwork, and provided Plaintiff with a ticket for travel from Swaziland to Atlanta, Georgia. (Id. ¶¶ 13-15). When Plaintiff arrived in the United States, Juna Babb drove her to Defendants' home. (Id. ¶ 17). Before arriving, Juna Babb instructed Plaintiff to surrender her passport and return ticket. (Id. ¶ 18). Plaintiff complied. (Id.). Plaintiff lived in Defendants' basement. (Id. ¶ 19) Juna Babb told her the area surrounding the house was dangerous and that Plaintiff was not to leave Defendants' residence. (Id.).

After two-weeks at Defendants' home, Plaintiff wanted to return to Swaziland. (Id. ¶ 22). Juna Babb instructed Plaintiff to continue to care for Defendants' home and their grandson. (Id.). When questioned about the continuation of her stay, Juna Babb told Plaintiff she deceived Plaintiff to entice her to the United States. (Id. ¶ 23). Juna Babb refused to return Plaintiff's passport or her return ticket to Swaziland, and threatened Plaintiff with arrest because she was in the country illegally. (Id. ¶¶ 24-25). In light of Defendants' threats, Plaintiff involuntarily continued to work for Defendants to earn enough money to purchase her own return ticket home. (Id. ¶ 26).

Plaintiff was, each day, required to care for Defendants' grandson, to clean Defendants' home, cook their meals, and perform manual labor in Defendants' yard. (Id. ¶ 27). Plaintiff also was forced to clean the homes of others and to work for a construction company operated by Michael Babb. (Id. ¶ 28). As an involuntary employee, Plaintiff was required to clean, remove and install carpet and tiles, paint, and move furniture and other heavy objects. (Id.). For this work, Defendants provided Plaintiff with scant pay. (Id. ¶ 29). Defendants claimed that they needed to safeguard Plaintiff's funds by keeping custody of it and were entitled to deduct from Plaintiff's wages, money that she allegedly owed for food and other costs Defendants incurred by allowing Plaintiff to live with them. (Id.).

Plaintiff began work for Defendants or at their direction performing duties at 5:00 a.m. each day, with few breaks and no time off for vacation. (Id. ¶ 31).

Plaintiff served Defendants under these conditions for two years, when a couple for whom Plaintiff worked helped her escape from Defendants' control. (Id. ¶¶ 30, 32-33). Once free from Defendants, Plaintiff assisted the Federal Bureau of Investigation and United States Immigration and Customs Enforcement agency in their investigation of Defendants. (Id. ¶ 34). Defendants ultimately were indicted and pleaded guilty to various human trafficking and involuntary servitude offenses. (Id. ¶¶ 35-36).

C. Analysis

Count I of Plaintiff's Complaint alleges that Juna Babb violated 18 U.S.C. §§ 1583 and 1595 by Juna Babb. Section 1595 provides that:

> [a]n individual who is a victim of a violation may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). The purpose of § 1595 is to provide a civil remedy for violation of the federal peonage, slavery, and trafficking in persons statutes. See 18 U.S.C. § 1595; 18 U.S.C. §§ 1581-1594.

Section 1583 makes it a illegal to, in part, "entice[], persuade[], or induce[] any other person to go on board any vessel or to any other place with the intent that he or she may be made or held as a slave, or sent out of the country to be so made or held . . . ." 18 U.S.C. § 1583(a)(2).

In Count I, Plaintiff alleges that Juna Babb "enticed, induced, and persuaded Plaintiff to travel to the United States from her native Swaziland with false promises that she would be working for only two weeks in preparation for a wedding and thereafter could return home" and that Juna Babb "further promised to pay for Plaintiff's airfare to and from the United States and to pay Plaintiff for the services she rendered while in the United States . . . ." (Motion at 12, citing Dlamini Declaration ¶¶ 4-12, 15). Plaintiff further asserts that Juna Babb's "representations were untrue and meant solely to induce Plaintiff into slave-like conditions in the United States, where Plaintiff was forced to work seven days per week for almost two years, with little or no breaks and essentially no pay . . . ." (Id., citing Dlamini Declaration ¶¶ 22-31, 36).

Plaintiff's undisputed factual allegations against Juna Babb establish that Juna Babb violated § 1583(a)(2) by enticing Plaintiff to come to the United States, where she was held involuntarily to perform service to Defendants and from which Defendants received value to which they were not entitled. Juna Babb admitted

11

she deceived Plaintiff to entice her to come to the United States. Juna Babb failed to offer any evidence to raise a genuine dispute of material fact that she violated § 1583.[4] The Court grants summary judgment in favor of Plaintiff, and against Juna Babb, with regard to liability on Count I.

Count II of Plaintiff's Complaint alleges that both Defendants violated 18 U.S.C. §§ 1584 and 1595, and the Thirteenth Amendment of the United States Constitution. Section 1584 makes it a illegal to hold someone in involuntary servitude, and was designed to enforce the Thirteenth Amendment of the United States Constitution. See 18 U.S.C. § 1584(a); United States v. Warren, 772 F.2d 827, 833 (11th Cir. 1985).

In Count II, Plaintiff alleges that Defendants "knowingly and willfully forced Plaintiff to work in a condition of involuntary servitude through fear, legal coercion, and verbal threats directed at Plaintiff . . . ." (Motion at 12-13, citing Dlamini Declaration ¶¶ 18-19, 22-31, 36). Plaintiff's undisputed factual allegations in her sworn declaration establish that Defendants violated § 1584(a) by forcing Plaintiff into involuntary servitude through coercion and fear. Defendants failed to offer any evidence to raise a genuine dispute of material fact that they

---

[4] A defendant's answer does not raise a genuine dispute of fact. See Graham, 193 F.3d at 1282.

violated § 1584. The Court grants summary judgment in favor of Plaintiff, and against Defendants, with regard to liability on Count II.

Count III of Plaintiff's Complaint alleges that both Defendants violated 18 U.S.C. §§ 1589 and 1595. Section 1589 makes it a illegal to provide or obtain the labor or services of a person:

> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

18 U.S.C. § 1589(a)(1-4). Section 1589 also makes it a crime to "knowingly benefit[], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a) . . . ." 18 U.S.C. § 1589(b).

Plaintiff testifies in her Declaration that Defendants threatened her to obtain her services, including threatening to cause her to be arrested for being in the United States illegally. (Dlamini Declaration ¶ 25). Plaintiff also established that Defendants forced her to work at Michael Babb's construction company and to perform work in other people's homes for payment, and, as a result, Defendants knowingly benefited financially from her forced labor and services.

Plaintiff's testimony in her sworn declaration establishes that Defendants violated § 1589(a) by forcing Plaintiff into involuntary servitude through threats and that Defendants violated § 1589(b) by benefiting financially from forcing Plaintiff to work at Michael Babb's construction company and in other people's homes. Defendants failed to offer any evidence to raise a genuine dispute of material fact that they violated § 1589. The Court grants summary judgment in favor of Plaintiff, and against Defendants, with regard to liability on Count III.

Count IV of Plaintiff's Complaint alleges that both Defendants violated 18 U.S.C. §§ 1590 and 1595. Section 1590 makes it a illegal to "knowingly recruit[], harbor[], transport[], provide[], or obtain[] by any means, any person for labor or services in violation of this chapter . . . ." 18 U.S.C. § 1590(a). Plaintiff testifies in her Declaration that Defendants recruited, transported, and harbored Plaintiff and forced her to perform labor for Defendants' benefit. (Dlamini Declaration ¶¶ 6-9, 11-15, 17-31). These undisputed factual allegations establish that Defendants violated § 1590(a). Defendants failed to offer any evidence to raise a genuine dispute of material fact that they violated § 1590. The Court grants summary judgment in favor of Plaintiff, and against Defendants, with regard to liability on Count IV.

Count V of Plaintiff's Complaint alleges that Juna Babb violated 18 U.S.C. §§ 1592 and 1595. Section 1592 makes it a crime to "knowingly destroy[], conceal[], remove[], confiscate[], or possess[] any actual or purported passport" in the course of violating or with the intent of violating §§ 1583, 1584, 1589 or 1590. 18 U.S.C. § 1592(a)(1)-(2). Plaintiff testifies in her Declaration that Juna Babb forced Plaintiff to perform labor for Defendants, confiscated Plaintiff's passport and refused to return it to Plaintiff when the agreed-upon two-week period of work expired. (Dlamini Declaration ¶¶ 18, 26). These undisputed factual allegations establish that Juna Babb violated § 1592(a). Juna Babb failed to offer any evidence to raise a genuine dispute of material fact that she violated § 1592(a). The Court grants summary judgment in favor of Plaintiff, and against Juna Babb, with regard to liability on Count V.[5]

---

[5] Plaintiff, in her Motion for Sanctions, requests that the Court sanction Defendants by: (a) designating the facts set forth in Plaintiff's Complaint as established, (b) striking Defendants' pleadings, and (c) rendering a default judgment against Defendants. Under Rule 37(b)(2), the Court may award sanctions only if Defendants fail to obey an order compelling the production of discovery responses. The failure to respond to discovery requests, alone, is not sufficient to warrant sanctions. See United States v. Certain Real Property, 126 F.3d 1314, 1317 (11th Cir. 1997) ("We consistently have found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate . . . only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'") (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Thembi Dlamini's Motion for Summary Judgment [35] is **GRANTED**. The Court grants summary judgment for Plaintiff with regard to liability on Counts I, II, III, IV, and V in Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions [34] is **DENIED AS MOOT**.

**SO ORDERED** this 5th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

Defendants failed to obey the Court's June 20, 2014, Order, which required Defendants' to provide Plaintiff with their initial disclosures and responses to Plaintiff's discovery requests on or before July 18, 2014. While Defendants' failure to obey the Court's order is sanctionable, the Court, having granted summary judgment in favor of Plaintiff and against Defendants on all count of Plaintiff's Complaint, finds that the requested relief in Plaintiff's Motion for Sanctions is unnecessary. The Court thus denies Plaintiff's Motion for Sanctions as moot.